UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MAIRA MONTELONGO,** **Plaintiff,** v. My Financial Solutions LLC.., Student Renew LLC., Angela Mirabella, John/Jane Does 1-5 **Defendant** | § § § § § Civil Action No. 5:19-cv-00577 § § § § § |

**Plaintiff's Original Complaint**

**Parties**

1. The Plaintiff Maira Montelongo is a natural person and was present in Texas for all phone calls at issue in this case, residing in Kerr County.

2. My Financial LLC., is a California corporation that can be served via registered agent Angela Mirabella, 20271 SW Acacia St., Suite 200, New Port Beach, CA 92660.

3. Student Renew LLC, is a California corporation that can be served via registered agent Angela Mirabella, 20271 SW Acacia St., Suite 200, New Port Beach, CA 92660.

4. Angela Mirabella is a natural person and sole member of My Financial Solutions LLC.

5. Angela Mirabella is also the sole member of Student Renew LLC.

6. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

7. **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case, is not asking for monetary damages, so it is unlikely to predominate over the TCPA claims.

8. **Personal Jurisdiction**. This Court has general personal jurisdiction over the Defendants because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and the sell goods and services to Texas residents, including the Plaintiff. *47 US Code §227(e)(9)(g)(4)*.

9. This Court has specific personal jurisdiction over the Defendants because the calls at issue were made by or on behalf of the defendants into this district and the Plaintiff resides in this district. *47 US Code §227(e)(9)(g)(4)*.

10. **Venue**. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District and was residing in the Western District of Texas when she received a substantial every call from the Defendants that are the subject matter of this lawsuit.

11. This Court has venue over the Defendants because the calls at issue were sent by or

on behalf of the above named Defendants to the Plaintiff a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

13. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

14. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

15. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

16. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

17. The TCPA provides a private cause of action to persons who receive calls in

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

18. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

19. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

20. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

21. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of*

*Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

22. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

23. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

24. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## The Texas Business and Commerce Code 305.053

25. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

26. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing

damages.

## FACTUAL ALLEGATIONS

27. The Defendants in this case contacted, via phone solicitation through third party telemarketers, persons in the general public to inquire as to their desire to reconsolidate, refinance or otherwise manage their student loan debt.

28. Defendants do not work on behalf of or in conjunction with the US Department of Education ("DOE") in any way.

29. Rather Defendants insert themselves, by way of unsolicited phone calls, as brokers connecting students to loan forgiveness and/or restructuring programs offered by the DOE free of charge on the DOE website.

30. Defendants My Financial Solutions LLC and Student Renew LLC work in conjunction to solicit and provide for profit loan forgiveness services to those contacted on their behalf.

**Angela Mirabella, My Financial Solutions LLC, Student Renew LLC calls to the Plaintiff**

31. Plaintiff Ms. Montelongo received multiple calls from a variety of spoofed or non-existent phone numbers that contained a pre-recorded message. The calls had a delay of 2-3 seconds of dead air before connecting to an agent, and Plaintiff heard an audible tone, indicating the calls were initiated using an Automated Telephone Dialing System (ATDS).

32. Plaintiff became annoyed, frustrated and distracted by the frequency of the calls that were coming during her work day or while spending quality time with her three children.

33. Plaintiff felt overwhelmed by these unsolicited, often untraceable, calls and decided to take action by recording her interactions with these telemarketers.

34. The telemarketers at issue here had thick foreign accents that made it difficult to discern the veracity of what they were saying. These same persons, along with others, were very short and discourteous in their conversations with Plaintiff and did not identify themselves or make known who they were calling on behalf of.

35. In the past year the calls to Plaintiff, again from spoofed and non-working caller ID's, mislead her into picking up the phone when she otherwise would not.

36. Angela Mirabella is in the business of developing strategies to make unsolicited telemarketing calls across the country for herself and others, and has been doing so for years.

37. The Plaintiff received no less than nine phone calls soliciting her to reorganize student loan debt from Defendants My Financial Solutions LLC, and Student Renew LLC.

38. At all times relevant to the claims alleged herein, Angela Mirabella was the sole member in charge of My Financial Solutions LLC and Student Renew LLC.

39. Angela Mirabella is also the registered agent of My Financial Solutions LLC and Student Renew LLC.

40. Angela Mirabella, as the sole member of Defendants My Financial Solutions LLC and Student Renew LLC., directed the telemarketing calls done for their benefit, and knew foreign telemarketers conducted unsolicited pre-recorded calls using ATDS on their behalf. Angela Mirabella companies at issue here are "paperless", as such Defendants only contact consumers by telephone, text message or email.

41. Ms. Montelongo has limited data storage capacity on her cellular telephone. Incoming calls from Defendants consumed part of this capacity.

42. The calls to Plaintiff by Defendants were unwanted and unsolicited.

43. No emergency necessitated the calls.

44. Each call was initiated by a pre-recorded voice and/or ATDS.

**Angela Mirabella, My Financial Solutions LLC, and Student Renew LLC Knowing and Willful Violations of Telemarketing Regulations**

45. Angela Mirabella was aware that My Financial Solutions LLC and Student Renew LLC, working in conjunction, were sending automated telemarketing calls in masse to the public at large, including Plaintiff.

46. Angel Mirabella, My Financial Solutions LLC and Student Renew LLC knowingly violated the TCPA by initiating numerous pre-recorded automated calls to the Plaintiff without her consent.

47. As sole member of My Financial Solutions LLC and Student Renew LLC, Angela Mirabella had the power to fire the managers and employees taking part in the day-to-day execution of this operation and thereby stop these unscrupulous, illegal telemarketing practices.

**The Plaintiff's cell phone is a residential number**

48. The unsolicited calls were to the Plaintiff's cellular phone number 830-456-0826, which is the Plaintiff's personal cell phone that she uses for family and household use. The Plaintiff maintains no landline phones at her residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses her cell phone for navigation purposes,

sending and receiving emails, timing food when cooking, video chatting with loved ones and sending and receiving text messages. The Plaintiff further has her cell phone registered in her personal name, pays the cell phone from her personal accounts, and the phone is not primarily used for any business purpose.

**Violations of the Texas Business and Commerce Code 305.053**

49. The actions of the Defendants violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violate 47 USC 227(b). The calls violated Texas law by placing calls with a pre-recorded message to a cell phone which violate 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

50. The calls by the defendants violated Texas law by spoofing the caller ID's per 47 USC 227(e) which in turn violates the Texas statute.

## I. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

**(Against All Defendants)**

1. Plaintiff Ms. Montelongo re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Ms. Montelongo's cellular telephone number without her prior express written consent.

3. Ms.Montelongo is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Ms. Montelongo is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Ms. Montelongo also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Plaintiff Ms. Montelongo re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

    a. Describing in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[2]

8. Ms. Montelongo is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Ms. Montelongo is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

---

[2] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

10.     Ms. Montelongo also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they include the name of the individual caller and AFS's name in the solicitations.

### III. THIRD CLAIM FOR RELIEF: Violations of The Texas Business and Commerce Code 305.053

11.     Ms. Montelongo re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Ms. Montelongo's cellular telephone number without her prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an pre-recorded messages and/or ATDS that does not comply with the technical and procedural standards under this subsection.

13.     Ms. Montelongo is entitled to an award of at least $500 in damages for each such violation **Texas Business and Commerce Code 305.053(b)**

14.     Ms. Montelongo is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c).**

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maira Montelongo prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3,000.00 (three thousand dollars) per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for each and every call.

E. An award of $1,500.00 (fifteen hundred dollars) in statutory damages per call arising from violations of the Texas Business and Commerce code 305.053.

F. An award to Ms. Montelongo of damages, as allowed by law under the TCPA.

G. An award to Ms. Montelongo of interest, costs and attorneys' fees, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

Respectfully submitted,

_____
Leland Garrett McRae
SBN# 24086374
8111 Mainland Ste 104-459
San Antonio, TX 78240
Phone: 210-569-0434

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2019, a true and correct copy of the foregoing pleading was forwarded by (first class mail, hand-delivery, or certified mail) to My Financial LLC., a California corporation that can be served via registered agent Angela Mirabella, 20271 SW Acacia St., Suite 200, New Port Beach, CA 92660; and to Student Renew LLC, is a California corporation that can be served via registered agent Angela Mirabella, 20271 SW Acacia St., Suite 200, New Port Beach, CA 92660, and to Angela Mirabella, 20271 SW Acacia St., Suite 200, New Port Beach, CA 92660

_____

Leland Garrett McRae

Attorney for Plaintiff

8111 Mainland, Ste. 104-459

San Antonio, TX 78240

Phone: (210) 569-0434

Fax: (210) 520-0229