UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MAIRA MONTELONGO,
    Plaintiff,

v.

MY FINANCIAL SOLUTIONS LLC,
STUDENT RENEW LLC, ANGELA
MIRABELLA, NICK CAPOSIO,
    Defendants.

No. SA-19-CV-00577-JKP

## ORDER

This matter is before the Court upon Defendants Nick Caposio and Angela Mirabella's motions to dismiss to which Plaintiff responded and Defendants replied. ECF Nos. 41, 48, 50, 52, 53, 55. For the reasons set forth below, the Court denies the Defendants' motions.

## I. Background

This case arises under the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. § 227. Plaintiff Maira Montelongo's ("Montelongo") Amended Complaint, the operative pleading, alleges she received calls initiated by an automated telephone dialing system and telemarketing calls from individuals representing My Financial Solutions LLC and Student Renew LLC both before and after she informed caller Nick Caposio that she did not want to receive any more calls. ECF No. 37. Montelongo alleges the calls were designed to deceive Texas residents with student debt into paying for services the Department of Education offers free of charge. *Id*. Defendants Nick Caposio and Angela Mirabella move the court to dismiss Montelongo's Amended Complaint for lack of personal jurisdiction over each, individually. ECF Nos. 41, 48.

## II. Legal Standard

The Texas Supreme Court has interpreted the Texas long-arm provisions as conferring personal jurisdiction over nonresidents whenever consistent with constitutional due process.

*Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). Accordingly, District Courts may exert personal jurisdiction over a defendant "if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Guidry v. United States Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Where a non-resident defendant challenges personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing of jurisdiction; the plaintiff need not establish jurisdiction by a preponderance of the evidence. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Once the plaintiff makes a *prima facie* showing of personal jurisdiction, the burden shifts to the defendant to demonstrate that exercising jurisdiction over the defendant would be so unfair and unreasonable as to violate due process. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990). "When considering the motion to dismiss, allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits [and] any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Cunningham v. Prof'l Educ. Inst., Inc.*, No. 4:17-CV-00894-ALM-CAN, 2018 WL 6709515, at *4 (E.D. Tex. Nov. 5, 2018) *adopted by Cunningham v. Prof'l Educ. Inst.*, No. 4:17-CV-894, 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018) (citations, quotations, and brackets omitted).

**III. Discussion**

With respect to this Court's jurisdiction over the action, Montelongo avers:

> the Court has general and specific jurisdiction over the Defendants because they have repeatedly placed calls to Texas residents, derive revenue from Texas residents, sells goods and services to Texas residents, including the Plaintiff and committed a tort in Texas by violating the TCPA. This Court has specific personal jurisdiction over the Defendants because the calls at issue were made by or on behalf of the defendants into this district, and the Plaintiff resides in this district.

ECF No. 37 ¶¶ 7, 8. Defendants each contend that Montelongo cannot establish sufficient contacts with Texas to confer personal jurisdiction. ECF Nos. 41, 48.

General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To confer general jurisdiction, a defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). Injecting a product, even in substantial volume, into a forum's "stream of commerce," without more, does not support general jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987).

Specific jurisdiction exists when "the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *See Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted); *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992). The Fifth Circuit has articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state. *Burger King*, 471 U.S. at 474.

**A. Nick Caposio**

This Court does not have general jurisdiction over Defendant Nick Caposio ("Caposio") because Caposio does not have continuous and systematic personal contacts with Texas. *See Helicopteros*, 466 U.S. at 414-15. Caposio is a California resident who has never traveled to Texas or personally conducted business in Texas. ECF No. 48 at 4-5. Because Caposio has no continuous and systemic personal contacts with this forum, the Court lacks general jurisdiction over Caposio.

With respect to specific jurisdiction of this forum, Montelongo's Amended Complaint alleges (1) on May 13, 2019, Caposio contacted Plaintiff on her Texas area-code cell phone to solicit her interests in student loan financing options; (2) during this call Caposio "failed to identify who he was calling on behalf of and conducted the call without the procedural safeguards in place as required under the TCPA regarding an internal do-not-call policy and do-not call list." ECF No. 37 at 7 ¶¶ 40-41. Caposio argues that the Court should dismiss Montelongo's lawsuit against him because Caposio had only one telephone conversation with Montelongo, and that call was initiated by Montelongo. ECF No. 48 ¶¶ 9-10. Montelongo responds that the May 13, 2019 conversation between herself and Caposio was initiated by a pre-recorded call from 240-669-2494, during which she answered the prompts and was eventually connected to Caposio. ECF No. 53 at 5. Plaintiff further responds that during the call she told Caposio she lived in Texas and that she did not want to "be called by Defendant My Financial Solutions" anymore. *Id*. *See also* ECF No. 55 at 2 (Montelongo Affidavit). However, she received three more calls "from telephone number 949-377-0049 that same day, which was listed as Nick Caposio's direct line." *Id*. *See also* ECF No. 50-1 at 7 (copy of email from Caposio, "Senior Student Loan Advisor, My Financial Solutions," listing as his phone number as 949-377-0049). Caposio replies that he only had one conversation with Montelongo, which he did not initiate, and a follow-up email, which he sent. ECF No. 56 at 2-3.

Accepting Montelongo's allegations as true, that she received three phone calls from Caposio's direct line after she requested no further calls, Caposio has accepted the benefits of doing business in Texas and is subject to this TCPA action in this forum because the litigation relates to Caposio's conduct in this forum. When the record demonstrates that a defendant has sufficient minimum contacts with a forum, a court must deny a Rule 12(b)(2) motion to dismiss unless the defendant makes "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Caposio's argument is not compelling. *See* ECF No. 56 at 3 (Caposio's Reply, reiterating that "this single telephone conversation/follow-up email is this Defendant's only contact with the state of Texas.").

**B. Angela Mirabella**

This Court does not have general jurisdiction over Defendant Angela Mirabella ("Mirabella") because Mirabella does not have continuous and systematic personal contacts with Texas. *See Helicopteros*, 466 U.S. at 414-15. Mirabella is a California resident who has never traveled to Texas or personally conducted business in Texas. ECF No. 41 at 4. Because Mirabella has no continuous and systemic personal contacts with this forum, the Court lacks general jurisdiction over Mirabella.

With respect to specific jurisdiction of this forum, Montelongo's Amended Complaint alleges Mirabella "is in the business of developing strategies to make unsolicited telemarketing calls across the country for herself and others, and has been doing so for years." ECF No. 37 ¶ 36. "Mirabella is the person responsible for receiving, maintaining, investigating and responding to complaints about TCPA violations by My Financial Solutions LLC, its officers, agents and employees and for initiating disciplinary measures against the responsible party." *Id.* ¶ 37. "My Financial Solutions received complaints regarding its telemarketing practices and was sued in the United States District Court of Massachusetts in Case No. 1:19-cv-10477-WGY for making automated calls without prior express written consent on March 14, 2019. Plaintiff began

5

receiving the same type of call(s) from Defendants on April 10, 2019." *Id.* ¶ 38. "Mirabella did not put a stop to the illegal call(s) being made to Plaintiff while United States District Court of Massachusetts in Case No. 1:19-cv-10477-WGY was pending and her companies were under investigation for TCPA violations, despite having the power to do so." *Id.* ¶ 39. "Mirabella provided Mr. Caposio with Plaintiff's cell phone number and asked him to call Plaintiff's cell phone." *Id.* ¶ 42. "Mirabella personally participated in the automated telemarketing call(s) done for their benefit, and personally authorized telemarketers to conduct unsolicited pre-recorded calls using ATDS on their behalf." *Id.* ¶ 49. Mirabella's reply shows that she is the sole member of My Financial Solutions LLC and Student Renew LLC. ECF No. 52 at 7-10.

"[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved." *Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). The court finds that Montelongo has sufficiently alleged that Mirabella is the central figure behind this telemarking scheme and that Mirabella "sufficiently controlled the policies and practices to be the driving force behind the TCPA violations." *Cunningham*, 2018 WL 6709515, at *4. After March 14, 2019, Mirabella had good reason to anticipate being haled into court in any jurisdiction to which she directed automated and live telemarketing calls.[1] Yet she continued to direct automated and live telemarketing calls into Texas for the purpose of soliciting business from Texans carrying student-loan debt.

Consequently, at this stage, the Court finds that Montelongo alleges sufficient contacts with the state of Texas to show that Mirabella has accepted the benefits of doing business in Texas and is subject to this TCPA action in this forum. Mirabella alleges no "compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger*

---

[1] See ECF No. 1, 1:19-cv-10477-WGY (D. Mass. Mar. 14, 2019). Class Action Complaint brought against Angela Mirabella, My Financial Solutions, LLC, Mirabella Group, Inc. d/b/a Five Marketing Group alleging Mirabella directed automated telemarketing calls to Massachusetts residents.

*King*, 471 U.S. at 477. Should discovery reveal that Mirabella was not the "guiding spirit" or "central figure" behind the alleged TCPA violations; that Mirabella did not control the day-to-day operations of My Financial Solutions LLC and Student Renew LLC; and that she had no direct, personal involvement in the alleged wrongful conduct that violated the TCPA or directly controlled and authorized this conduct, Mirabella may reurge the motion. *Mozingo v. Correct Mfg. Co.*, 752 F.2d 168, 174 (5th Cir. 1985) (quoting *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 907 (1st Cir. 1980)).

**IV. Conclusion**

For the reasons set forth above, Nick Caposio's Motion to Dismiss (ECF No. 48) is DENIED. Angela Mirabella's Motion to Dismiss (ECF No. 41) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 14th day of January 2020.

*[signature: Jason Pulliam]*

JASON PULLIAM
UNITED STATES DISTRICT JUDGE